UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

RICHARD K. CROWELL,

        Petitioner,               Case No. 2:14-CV-180
v.                                         Honorable R. Allan Edgar

CHRISTOPHER FIEGEL, et al.,

        Respondent.
_____/

## **OPINION AND ORDER**

Plaintiff Richard Crowell, an inmate currently confined by the Michigan Department of Corrections (MDOC), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 alleging violations of his Eighth Amendment rights. ECF No. 1. After screening, the remaining claims are against Defendant Correctional Officer (CO) Christopher Fiegel and Defendant CO Mary Young. ECF No. 28, 32. Plaintiff is seeking declaratory relief and punitive damages.

Plaintiff filed a complaint on August 22, 2014, alleging that Defendants acted with deliberate indifference to his health and safety. ECF No. 1. After screening the complaint and issuing orders on a motion to dismiss and motion for reconsideration, Petitioner's two remaining claims against Defendants are:

    I. Whether Defendant Fiegel violated Plaintiff's Eighth Amendment
    rights by calling Plaintiff a child molester.

    II. Whether Defendant Young violated Plaintiff's Eighth Amendment
    rights by only feeding Plaintiff three times within seventeen days.

PageID.128. Defendants Fiegel and Young filed a motion for summary judgment on February 17, 2016. PageID.188-189. Plaintiff filed a response to this motion on March 10, 2016. ECF

No. 61.  Defendants did not file a reply.  The matter is now ready for a decision.

The following are the events in question viewed in the light most favorable to Plaintiff. *Muhammad v. Close*, 379 F.3d 413, 416 (6th Cir. 2004) (citing *Adams v. Metiva*, 31 F.3d 375, 382 (6th Cir. 1994) (noting any direct evidence offered by Plaintiff in response to a summary judgment motion are accepted as true)).  In May of 2013, Plaintiff was in administrative segregation at Alger Correctional Facility.  ECF No. 53-2 at 3-4; PageID.211-212.  On May 19, 2013, while still in segregation, Plaintiff and Defendant Fiegel were arguing and calling each other names. PageID.211.  In the midst of the name calling, Defendant Fiegel stated, loud enough for the top level of the segregation unit to hear, that Plaintiff was in jail for "raping a kid." PageID.8.  Angered, Plaintiff spoke with some of the inmates in segregation with him about the incident, and those inmates told Plaintiff to let it go. PageID.212.  Plaintiff also indicated that Defendant called him a rapist again on July 2, 2013.  PageID.9.

Starting July 5, 2013, Plaintiff initially stated that Defendant Young withheld meals from him, resulting in Plaintiff only receiving three meals until July 22, 2013.  PageID.124.  However, later Plaintiff explained that Defendant Young withheld breakfast and lunch from Plaintiff during that time period, and he received his dinner tray from another officer.  PageID.213.  Plaintiff indicated that he never refused a meal from Defendant Young during that time frame.  PageID.213.  In addition, Plaintiff stated that he often called Defendant Young profane names and insults.  PageID213.

Based on these occurrences, Plaintiff asserts that Defendants Fiegel and Young violated his Eighth Amendment rights.  ECF No. 1.  Plaintiff seeks legal redress before this Court for these alleged violations of his constitutional rights.

I.

Presently before the Court is Defendants' motion for summary judgment, pursuant to Fed. R. Civ. P. 56.  Because the motion has asked that the Court consider evidentiary materials beyond the pleadings, the standards applicable to summary judgment apply.  *See* Fed. R. Civ. P. 56. Summary judgment is appropriate only if the moving party establishes that there is no genuine issue of material fact for trial and that he is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986).  If the movant carries the burden of showing there is an absence of evidence to support a claim or defense, then the party opposing the motion must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial.  *Celotex*, 477 U.S. at 324-25.  The nonmoving party cannot rest on its pleadings but must present "specific facts showing that there is a genuine issue for trial." *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)).  The evidence must be viewed in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).  Thus, any direct evidence offered by the plaintiff in response to a summary judgment motion must be accepted as true. *Muhammad*, 379 F.3d at 416 (*citing Adams*, 31 F.3d at 382).  However, a mere scintilla of evidence in support of the nonmovant's position will be insufficient.  *Anderson*, 477 U.S. at 251-52.  Notably, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court could not adopt that version of the facts for the purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007). Ultimately, the court must determine whether there is sufficient "evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477

U.S. at 252; *see also Leahy v. Trans Jones, Inc.*, 996 F.2d 136, 139 (6th Cir. 1993) (single affidavit, in presence of other evidence to the contrary, failed to present genuine issue of fact); *cf. Moore, Owen, Thomas & Co. v. Coffey*, 992 F.2d 1439, 1448 (6th Cir. 1993) (single affidavit concerning state of mind created factual issue).

II.

After screening, two Eighth Amendment claims remain to be considered in this motion for summary judgment: "(1) whether Defendant Fiegel violated Plaintiff's Eight Amendment rights by calling Plaintiff a child molester, and (2) whether Defendant Young violated Plaintiff's Eighth Amendment rights by only feeding Plaintiff three times within seventeen days." PageID.128.

The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 345-46 (1981). The Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346). The deprivation alleged must result in the denial of the "minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347; *see also Wilson v. Yaklich*, 148 F.3d 596, 600-01 (6th Cir. 1998). The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348 (citation omitted). Moreover, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey*, 832 F.2d at 954.

In order for a prisoner to prevail on an Eighth Amendment claim, he must show that he faced a sufficiently serious risk to his health or safety and that the defendant official acted with "'deliberate indifference' to [his] health or safety." *Mingus v. Butler*, 591 F.3d 474, 479-80 (6th Cir. 2010) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (applying deliberate indifference standard to medical claims); *see also Helling v. McKinney*, 509 U.S. 25, 35 (1993) (applying deliberate indifference standard to conditions of confinement claims)). Both of Plaintiff's Eighth Amendment claims will be reviewed individually.

### A. Defendant Fiegel

Plaintiff's claim of deliberate indifference against Defendant Fiegel under the Eighth Amendment states that Defendant put Plaintiff's life in danger by calling him a child molester. PageID.5. Specifically, Plaintiff claims "[t]hat on 5-19-13 Correctional Officer Fiegel yelled out loud enough for [the] entire room to hear, 'You should not run your mouth Crowell since your [sic] in here for raping a kid and in protection,'" and "that on 7-2-13 C/O Fiegel again called [Plaintiff] a rapist" PageID.8-9.

To prevail on this claim, Plaintiff must show that the alleged wrongdoing was objectively serious, and that Defendant subjectively ignored the risk to his safety. *Leary v. Livingston Cnty.*, 528 F.3d 438, 442 (6th Cir. 2008). Specifically, for the objective prong, "the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm." *Farmer*, 511 U.S. at 834. For the subjective prong, Plaintiff must show that "official [knew] of and [disregarded] an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw that inference." *Farmer*, 511 U.S. at 837.

Here, Plaintiff claims that Defendant Feigel called him a child molester in front of other inmates (PageID.8), but Defendant Fiegel claims that he never called Plaintiff a child molester (PageID.217).  In looking at the facts in the light most favorable to Plaintiff, even if Defendant Fiegel did call Plaintiff a child molester in front of prisoners in segregation, Plaintiff's claim still would not survive this motion for summary judgment.

Objectively, Plaintiff did not face sufficiently serious harm by being called a child molester in front of other inmates.  This is corroborated by the fact that Plaintiff admitted he was not fearful for his life or physically injured after this occurrence.  PageID.212.  Moreover, Plaintiff states that he was never convicted of child molestation, which he proved to other inmates by showing them his conviction paperwork.  PageID.212; *cf. Leary*, 528 F.3d at 442 (noting that calling an inmate a pedophile in front of other inmates puts the victim-inmate in sufficiently serious danger; that officers told inmate to not tell people about his conviction for his safety; that the inmate was severely beaten after word got out that he was convicted for raping a child).  In fact, the inmates Plaintiff talked to about this situation told Plaintiff to "let it go." PageID.212.  Finally, no officers corroborated the fact that Plaintiff would face a substantial risk of harm by being called a child molester while in segregation, especially considering this label was not true. *Cf. Leary*, 528 F.3d at 442 (noting that the officer in *Leary* told two inmates that the new prisoner was convicted for raping a child, and another officer verified the serious risk of harm this new inmate would face due to this label).  Thus, Plaintiff has not established that he faced an objectively serious risk of harm by being called a child molester in segregation, which

means Defendant Fiegel's motion for summary judgment in regard to this claim is GRANTED.[1]

**B. Defendant Young**

Plaintiff's claim against Defendant Young alleges that she violated his Eighth Amendment rights by only feeding him "between 7-5-13 and 7-22-13" (PageID.5), "<u>3</u> meals in <u>17</u> days" (PageID.124) (emphasis in original).

The Eighth Amendment prohibits "'deprivations of essential food, medical care, or sanitation' or 'other conditions intolerable for prison confinement.'" *Moore v. Lowe*, No. 1:13-CV-1136, 2014 WL 905840, at *10 (W.D. Mich. Mar. 7, 2014) (quoting *Rhodes*, 452 U.S. at 345-46). "[D]eliberate and unnecessary withholding of food essential to normal health can violate the Eighth Amendment." *Cunningham v. Jones*, 567 F.2d 653, 656, 660 (6th Cir. 1977). However, temporary inconveniences of missed food do not amount to the deprivation of life necessities as measured by the contemporary standards of decency. *See Dellis v. Corrs. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001) (citing *Rhodes*, 452 U.S. at 347); *see, e.g., Cunningham v. Jones*, 667 F.2d 565, 565 (6th Cir. 1982) (noting one meal a day for fifteen days did not violate the Eighth Amendment).

Moreover, while withholding meals may cause some discomfort to prisoners, it "does not result in a health risk to the prisoner sufficient to qualify as a 'wanton infliction of pain' where the prisoner continues to receive adequate nutrition." *Richmond v. Settles*, 450 Fed. App'x 448, 455-56 (6th Cir. 2011) (depriving prisoner of seven meals in six days, amounting to at least one meal per day, did not violate the Eighth Amendment because the prisoner "does not

---

[1] Notably, Plaintiff was concerned that this Court would weigh heavily the fact that Petitioner and Defendant Fiegel had a "beef." PageID.257. However, any "beef" between the parties is irrelevant for deciding this motion for summary judgment.

allege that his health suffered as a result of the delay in meals."); *see also Cunningham*, 567 F.2d at 660 (noting one meal a day was sufficient when the caloric intake was enough to maintain health). "This analysis . . . must be carefully circumscribed to take into account the nature of the prison setting in which the conduct occurs and to prevent a prison official's conduct from being subjected to unreasonable *post hoc* judicial second-guessing." *Parrish v. Johnson*, 800 F.2d 600, 605 (6th Cir. 1986) (citing *Whitley v. Albers*, 475 U.S. 312, 319 (1986)) (noting "[a]n express intent to inflict unnecessary pain is not required.").

Plaintiff initially stated that he received only three meals within seventeen days (PageID.124), and then later corrected himself by stating that he ate one meal a day from July 5, 2013 to July 22, 2013. PageID.213. The logbooks supplied by Defendant Young, in addition to Defendant Young's affidavit, indicate that Plaintiff was offered and received at least one meal daily, and also refused another meal on most of those days. PageID.226-231; *see also* ECF No. 53-4. Notably, however, the logbooks omit information from July 7, 2013, through July 10, 2013. PageID.226-231.  In addition, Plaintiff later testified that he received dinner during each of the days in question. PageID.213.  Moreover, even though on July 22, 2013, the logbooks show that Plaintiff refused two meals (leaving unanswered whether Plaintiff was offered a third), the book notes that Plaintiff refused his meal because he was on a hunger strike. PageID.230.

While there is a reasonable dispute over the precise number of meals Plaintiff received each day during the dates in question (due to the incomplete logbook entries, Plaintiff's potential hunger strike, and Plaintiff's own miscalculations regarding the number of meals received), Plaintiff's claim still fails because he does not claim that he suffered any health effects as a result of missing meals during this time frame. *See Richmond*, 450 Fed. App'x at 455-56

(depriving prisoner of seven meals in six days, amounting to at least one meal per day, did not violate the Eighth Amendment because the prisoner "does not allege that his health suffered as a result of the delay in meals."). In fact, the only alleged harm Plaintiff says he suffered was that he became overly angry and he was hungry—he does not, for example, provide any medical documents or evidence in general to show that he suffered any physical harm from insufficient food consumption. ECF No. 53-2 at 5; PageID.213. As a result, Plaintiff's Eighth Amendment claim against Defendant Young fails.

### III.

Overall, despite the Court's obligation to construe handwritten *pro se* documents liberally, Plaintiff's § 1983 fails. Fed. R. Civ. P. 56; *see Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (stating that *pro se* complaints are held to less stringent standards than pleadings drafted by attorneys, and will only be dismissed if the claim undoubtedly contains no facts to support its request for relief). Accordingly, Defendants' Motion for Summary Judgment is appropriate.

In light of the foregoing, this Court concludes that Defendants' Motion for Summary Judgment (ECF No. 52) is **GRANTED** and this case will be dismissed with prejudice in its entirety. An Order and Judgment consistent with this Opinion will be entered. In addition, Defendant's motion to appoint counsel (ECF No. 63) is denied as moot.

**SO ORDERED**.

Dated:___4/1/2016_____          _/s/ *R. Allan Edgar*_____
                                   R. ALLAN EDGAR
                                   UNITED STATES DISTRICT JUDGE